Filed 11/27/13  P. v. Mahrt CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GREGORY MAHRT,<br><br>        Defendant and Appellant. | A138851<br><br>(Sonoma County<br>Super. Ct. No. SCR623663) |

Gregory Mahrt appeals from a judgment entered on his plea of guilty to possession of a firearm and ammunition (Pen. Code §§ 29800, subd. (a)(1), 30305, subd. (a)(1))[1] despite firearm restrictions imposed due to a prior felony conviction.  His court-appointed attorney has filed a brief raising no legal issues and requesting this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 26 Cal.3d 436.

FACTS AND PROCEEDINGS BELOW

The presentence report filed with the court by the probation department on May 16, 2013, which was used by the court to establish a factual basis for appellant's plea upon the stipulation of defense counsel, describes the pertinent facts as follows: "On 09/03/12 at approximately 10:00 p.m., deputies were dispatched to a residence on Magnolia Avenue in Petaluma regarding a verbal argument between a male and female over a gun.  As the deputies arrived at the residence, the defendant Gregory Mahrt walked outside and was detained and asked about the argument and the gun.  Mahrt was

_____

[1]All statutory references are to the Penal Code unless otherwise indicated.

1

uncooperative and would not answer any questions. When asked about the female reportedly involved in the argument, Mahrt reported she left the residence prior to their arrival. Based on the possible domestic violence report and the mention of a deadly weapon, the deputies conducted a search of the residence.

"Deputies began the search at the northernmost structure on the property which appeared to be a garage that had been converted to a room. As the deputies approached the room, Mahrt began yelling that he did not want the deputies to enter his room. Upon entry into the room, deputies observed several ammunition cans on the floor in the center of the room. One of the cans was open and the deputy noticed it was full of miscellaneous calibers of ammunition. Also noticed was what appeared to be an AR-15 Rifle on a shelf above the bed, which was later determined to be a replica.

"A deputy then re-contacted the defendant and questioned his criminal conviction history, with Mahrt admitting he had a past felony conviction. The defendant was placed under arrest for being a felon in possession of ammunition. The search of the defendant's room continued as deputies located 11 cans of ammunition full of multiple calibers of ammunition and a guitar case that contained two firearms: a loaded shotgun with the barrel removed (barrel was in the case with the shotgun), and an AK-47 Rifle with a fully loaded 30-round magazine in the case. Also located were 19 capacity rifle magazines in the room.

"Mahrt was interviewed regarding the firearms and ammunition. He stated he was 'holding' them for a friend but would not identify who. He also confirmed he had sole access to the room and everything in the room belonged to him.

"Mahrt was transported to Sonoma County Jail. The firearm and ammunition seized were booked into evidence. The deputy also photographed a handwritten statement on the door that read 'In times of tyranny and injustice, when law oppresses the people, the outlaw takes his place in history.' "

Appellant was declared a ward of the court in 1984 and placed on juvenile formal probation, which he violated. He has a long history of substance abuse and a lengthy subsequent record of misdemeanor and felony convictions as a juvenile and adult. Two

felony convictions resulted in commitments to the California Department of Corrections and Rehabilitation. One such commitment, in 1988, involved the throwing of a pipe bomb through the window of a video store, injuring one of the owners (former § 12309). The other, in 2001, involved possession of magazines for a Glock pistol, a billy club, a variety of explosive devices, 600 rounds of ammunition, a Ruger mini 14 semi-automatic .223 caliber rifle fitted with a flash suppressor, and a loaded 30/30 Marlin long rifle (§§ 12021, subd. (a)(1), 12312, 1170.12). The last named weapon was found in appellant's vehicle after he fled from CHP officers who attempted to conduct a traffic stop. When booked for this offense appellant "told the CHP officer that if given the chance, he would have shot the CHP Officer."

On September 5, 2012, the Sonoma County District Attorney filed a two count complaint charging appellant with being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and possession of ammunition (§ 30305, subd. (a)(1)) despite being prohibited from possessing such items due to a 1989 conviction for violation of former section 12309, exploding a destructive device causing bodily injury. The complaint also alleged that due to the latter violation appellant was ineligible for probation (§ 1170, subd. (h)(3)), and that the violation of former section 12309 was a prior strike conviction (§ 1170.12).

On November 2, 2012, the trial court denied appellant's Marsden motion to replace his deputy public defender.

On November 30, 2012, pursuant to a plea agreement, appellant waived his right to a preliminary hearing and signed a 4-page *"Tahl* rights waiver form" waiving his constitutional rights, as to which he was also orally admonished by the court, and plead guilty to both counts of the complaint and admitted the prior strike conviction. The agreement provided that appellant's maximum exposure was a sentence of seven years and four months, but that sentencing was otherwise open to the court.

Before sentencing, appellant moved to strike the prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court denied the request, denied probation, and sentenced appellant to the aggravated term of six years in state

prison for the offense charged in count 1 and a concurrent aggravated sentence of six years for that charged in count 2. The court imposed a restitution fine of $3,360, a $40 court security fee, and a $30 criminal conviction fee. Credit was awarded for 175 days of time served and 174 conduct credit.

This timely appeal was filed on May 24, 2013.

DISCUSSION

Where, as here, an appellant has pled guilty or no contest to an offense, the scope of reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea; guilt or innocence are not included. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895–896.)

Nothing in the record suggests appellant was mentally incompetent to stand trial or understand the admonitions he received from counsel and the court prior to entering his plea, and thereupon enter a knowing and voluntary plea.

The admonition given appellant by the court at the time he entered his plea fully conformed to the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122, and his subsequent waiver of rights was knowing and voluntary.

The presentence report prepared by the probation department, including the police report it incorporates, establishes a factual basis for the plea.

The sentence conforms to the terms of the plea agreement and is authorized by law.

Our independent review having revealed no arguable issues that require further briefing, the judgment is affirmed.

4

                                      _____

                                      Kline, P.J.

We concur:


_____

Richman, J.


_____

Brick, J.*


\* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.